

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAWRENCE L. SHULTS,

    Petitioner,

vs.

JAMES BENEDETTI, *et al.*,

    Respondents.

3: 09-cv-00699-RCJ-VPC

**ORDER**

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On April 23, 2010, respondents filed a motion to dismiss the petition as untimely and successive. (ECF No. 12). Petitioner has responded to the motion. (ECF No. 16). The motion to dismiss shall be granted.

**I.    Procedural Background**

    Petitioner was charged on November 13, 1975, with open murder. Exhibit 1.[1] Following a jury trial and a guilty verdict, a judgment of conviction was entered on February 10, 1978, and petitioner appealed. Exhibits 2. The Nevada Supreme Court affirmed the conviction on September 5, 1980. Exhibit 3. On June 9, 1981, petitioner commenced a number of actions to obtain post-conviction relief including a motion for post-conviction relief (exhibit 5), which was denied and affirmed on appeal (exhibit 6); a motion to correct his sentence (exhibit 8), filed in 1986,

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are found in the Court's docket at ECF No. 12.

which was denied (exhibit 9) and upheld on appeal on September 18, 1987(exhibit 11); a motion for modification or to correct an illegal sentence, filed December 4, 1995 (exhibit 12), and denied January 26, 1996 (exhibit 13); a petition for writ of habeas corpus filed in the state district court on October 6, 1997 (exhibit 14) and denied March 31, 1998 (exhibit 15) as untimely; a petition for extraordinary writ of mandamus or alternatively a petition for writ of habeas corpus filed directly with the Nevada Supreme Court on September 22, 2009 (exhibit 16), and denied by that court on October 21, 2009 (exhibit 17).

In the interim, petitioner also appeared in this Court with a petition for writ of habeas corpus in July of 1988. The petition was denied and the denial was affirmed by the Ninth Circuit Court of Appeals in 1992.[2]

Petitioner returns to this Court filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on November 30, 2009. He contends the jurisdiction from the Eighth Judicial District Court of Clark County, Nevada never divested because the trial judge never signed the judgment of conviction and that he is actually innocent of first degree murder due to faults in the jury instructions and in the indictment. (ECF No. 6 and No. 16).

## II. Discussion

Respondents seeks dismissal of the petition as being time barred and successive.

### A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has only one year from the date his conviction becomes final to bring a federal petition for writ of habeas corpus. As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Respondents are unable to provide a copy of this petition, but refers the Court to the appellate decision found at *Shults v. Whitley* 982 F.2d 361 (1992).

2

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). For cases that become final before the effective date of the AEDPA, the one-year period commenced April 24, 1996. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

A review of the procedural history confirms that between April 24, 1996 and April 24, 1997, petitioner had no properly filed application for State post-conviction or other collateral review was pending. The motion to modify an illegal sentence was denied without an appeal on January 26, 1996 (exhibit 13) and the petition for writ of habeas corpus was not filed in the state district court until October 6, 1997 (exhibit 14). Thus, there was nothing pending to toll the statute of limitations period from the date it commenced against petitioner on April 24, 1996 and the date it expired one year later. The one-year period expired and the petition is untimely.

    B.    <u>Successive</u>

The petition is also petitioner's second federal habeas petition, requiring that he seek and obtain leave of the Court of Appeals to proceed. 28 U.S.C. § 2244(b)(3). Petitioner makes no showing that he has obtained leave of the Ninth Circuit Court of Appeals to pursue this successive petition. The petition must be dismissed on that basis.

3

C. Petitioner's Argument

Petitioner argues that the limitations period and the procedural requirements for successive petitions can be ignored in his case because he is actually innocent of first degree murder and to deny him the ability to bring his claims would be a fundamental miscarriage of justice as contemplated in *Mitchell v. State*, 122 Nev. 1269, 149 P.3d 33 (2006).

1. *Equitable Tolling*

This Court is not bound by Nevada law and *Mitchell* is, therefore, not apropos to this motion. Federal law, however, provides for equitable tolling of the statute of limitations in appropriate cases. *See Holland v. Florida*, 130 S.Ct. 2549, 2550 (2010). Specifically, petitioner must show that he has been pursing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, petitioner offer's thin arguments arising from unfounded statements, none of which show that any extraordinary circumstance prevented him from timely filing his federal petition. For example, he argues that the limitation period has not begun because the trial judge never signed the Judgment of Conviction. This argument rings hollow because it is clear that the judge did, in fact, sign the judgment of conviction.[3] Additionally, it is apparent from the procedural history that petitioner was more than capable of seeking review of his conviction and sentence through various means. The fact that he chose the wrong means or tried to duplicate efforts does not warrant tolling of the one year period of time when the limitations period came into effect. Petitioner allowed more than one year to pass between April 24 1996, and the time he filed his state post-conviction petition. He offers no excuse for that lapse.

---

[3] The copy of the judgment of conviction included in this action has the stamped name of the judge on the signature line. This clearly indicates the Court's entry of the Judgment. In the Court's experience, before electronic and digital information storage and transmission, it was often the practice of courts to sign the original order for filing in the docket while allowing the Clerk to stamp the judge's name to duplicate of the original when those duplicate were submitted with the original for the court's review. Such appears to be the case here. *See* ECF No. 12, p. 105.

4

### 2. *Actual Innocence*

Next, petitioner argues that he is actually innocent, based upon the purported errors in his Indictment which failed to enumerate the elements of first degree murder and the faulty jury instruction which failed to define those necessary elements. The "actual innocence" exception, also known as the "fundamental miscarriage of justice" exception, is available to excuse procedural default of claims presented in an otherwise properly filed petition. It is reserved for extraordinary cases in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Petitioner's arguments in this regard fall flat. The Ninth Circuit Court of Appeals has recently determined that there is no actual innocence exception to the statute of limitations. *See Lee v. Lampert*, 610 F.3d 1125, 1133 (9th Cir. 2010). Primarily, however, the arguments fail because the argument is not that the petition is procedurally barred. Rather, it is that it is successive. There is also no actual innocence exception to the requirement that he obtain leave of the circuit court to proceed with this petition. He may, if he believes he will prevail, present his various arguments to the Ninth Circuit in an application to bring a second or successive petition, as outlined in 28 U.S.C. § 2244(b)(3).

This petition shall be dismissed.

### IV.    Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 12) is **GRANTED.** No certificate of appealability shall issue. The Clerk shall enter judgment accordingly.

DATED this 24th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE