1

2

3

4

5                                **UNITED STATES DISTRICT COURT**

6                                    **DISTRICT OF NEVADA**

7

8    LAWRENCE L. SHULTS,                )
                                        )
9              Petitioner,              )        3:09-cv-00699-RCJ-VPC
                                        )
10   vs.                                )
                                        )        **ORDER**
11   JAMES BENEDETTI, *et al.,*          )
                                        )
12             Respondents.             )
     _____/

13

14          This action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed

15   on March 24, 2011, as untimely and successive.  ECF No. 17.  The dismissal was upheld by the Ninth

16   Circuit's refusal to issue a certificate of appealability.  ECF No. 27.  Petitioner now attempts to revive

17   this action with a motion for relief from the judgment (ecf no. 28) and a motion for relief pursuant to

18   Fed.R.Civ.P. Rule 60b) claiming newly discovered evidence.[1]  ECF No. 30. A previous motion for

19   reconsideration has already been considered and denied by the Court. (ECF Nos. 19 and 21.)

20          Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

21   construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

22   59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

23   *Multnomah County v. AC&S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

24   Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the

25   following reasons:

26   _____

        [1] The second motion for reconsideration is actually a request for the clerk to set the matter for a hearing.

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Here, petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's order dismissing the petition as untimely and successive should be reversed. In his motion, petitioner argues that the recent decisions in *Martinez v. Ryan*, 132 S.Ct. 1309, 2012 and *Dickens v. Ryan,* 688 F.3d 1054 (9th Cir. 2012) entitled him to proceed with this action because he suffered the ineffective assistance of counsel during his pre-trial and trial proceedings. Specifically, petitioner alleges that his 1997 post-conviction petition, which raised "sixteen (16) instances of ineffective assistance of, "PreTrial, (failure to challenge grand jury indictment), Trial, (Numerous instances of conflict of interest and prosecutorial misconduct,)..."), which he was unable to bring in his 1997 post-conviction petition. Motion at 3. He complains that he has not had the assistance of counsel for any of his petitions, motions or appeal "other than his initial trial, direct appeal, and P.C.R (post-conviction review)." *Id.* He further

2

claims that he is actually innocent.  *Id.* at 5.

The exhibits accompanying the motion include the first page of his original post conviction habeas petition filed in 1981 (ex. A-A), a full copy of his 1997 *pro se* petition and supporting memorandum (exs. A-B and A-C), and a copy of his petition for en banc reconsideration, filed in 2000). Petitioner fails to provide the entire 1981 petition to establish whether or not his counsel raised any claims of ineffective assistance.  Thus the Court cannot determine whether his 1997 claims were truly defaulted in state court because they were not brought initially in 1981 or because they were brought some fifteen years after his conviction became final.[2]  Moreover, petitioner did not raise claims of ineffective assistance of counsel in the petition filed in this action. *See* ECF No. 6.  His arguments that the action should be reopened under *Martinez* is clutching at straws.  It is irrelevant to the claims he tried to raise in this late and successive petition.

More detrimental to petitioner's motion, however, is the fact that the holding of *Martinez*, is not retroactively applicable because it does not announce a new rule of constitutional law.  *Buenrostro v. U.S.* 697 F.3d 1137, 1139 (9th Cir. 2012).  Petitioner's post-conviction and federal habeas review was final by the time *Martinez* was decided.  *See Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 759, 115 S.Ct. 1745, 1751 (1995); *see also United States v. Estate of Donnelly,* 397 U.S. 286, 296, 90 S.Ct. 1033, 1039 (1970) (Harlan, J., concurring).  Thus, he cannot rely on that decision to revive his federal habeas corpus review.

The motion for reconsideration will be denied, rendering the motion for appointment of counsel moot.

/ / /

/ / /

/ / /

---

[2] It is of note that petitioner pursued a post-conviction motion to correct an illegal sentence, with the assistance of counsel and a hearing, before he appeared in 1988 in this Court for his initial federal habeas review, which was litigated on its merits and reviewed on appeal to the Ninth Circuit. *See Shultz v. Whitley,* 982 F.2d 361 (1992).

**IT IS THEREFORE ORDERED** that petitioner's motions for reconsideration (ECF No. 28 and 30) are **DENIED.**  The motion for appointment of counsel (ECF No. 29) is **DENIED.**

Dated this 9th day of July, 2013.

_____
UNITED STATES CHIEF DISTRICT JUDGE

4