1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7   LAWRENCE L. SHULTS,

8        *Petitioner*,                               3:09-cv-00699-RCJ-VPC

9   vs.                                             ORDER

10
11  JAMES BENEDETTI, *et al.*,

12       *Respondents*.

13

14       This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on

15  petitioner's third motion (#33) for relief from order seeking reconsideration, his motion (#32)

16  to recuse, and respondents' motion (#38) for leave to file a late response to #33.

17                              ***Background***

18       Petitioner Lawrence L. Shults was convicted of first-degree murder in Nevada state

19  court over 35 years ago, on February 10, 1978.  The Supreme Court of Nevada affirmed on

20  direct appeal on September 5, 1980.  *Shults v. State*, 96 Nev. 742, 616 P.2d 388 (1980).

21  Petitioner is sentenced to life imprisonment without the possibility of parole for the 1975

22  murder of William Harvey Singley of which he stands convicted.  *See* 616 P.2d at 390-91

23  (summary of trial evidence).

24       Petitioner challenged his conviction in, *inter alia,* a federal habeas petition filed in this

25  Court more than two decades ago.  This Court denied the petition on the merits, and the Ninth

26  Circuit affirmed in a published opinion.  *See Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992).

27       Nearly 17 years later, petitioner mailed for filing the federal petition in this matter.  The

28  Court dismissed the petition, holding that it was both successive and untimely.

1    Judgment was entered on March 24, 2011.  Petitioner did not file a notice of appeal

2    from the judgment of dismissal, but he did file a motion for reconsideration.  The motion was

3    mailed for filing on or about April 14, 2011, within the time period for seeking relief under Rule

4    59 of the Federal Rules of Civil Procedure.

5    The Court denied petitioner's first motion for reconsideration on March 14, 2012.

6    On or about March 26, 2012, petitioner mailed for filing a notice of appeal seeking to

7    appeal "the, Denial of Motion for Reconsideration entered . . . on or about the 14th day of

8    March, 2012."

9    The Ninth Circuit denied a certificate of appealability on the appeal on August 22,

10   2012.

11   Petitioner thereafter filed another motion for reconsideration in March 2013.  The

12   motion arose under Rule 60 of the Federal Rules of Civil Procedure, as the time for seeking

13   relief under Rule 59 had expired.  The Court denied the motion on July 10, 2013.

14   On or about July 17, 2013, petitioner filed his now third motion seeking reconsideration

15   along with a motion for recusal.

16   ***Discussion***

17   ***Motion to Recuse***

18   Petitioner contends that the undersigned has "placed himself in a position to be called

19   as a witness and give testimony as to his beliefs."  He relies on the Court's reference to its

20   experience in the following passage from the March 24, 2011, order of dismissal in this

21   matter:

22              Here, petitioner offer's [sic] thin arguments arising from
             unfounded statements, none of which show that any extraordinary
23           circumstance prevented him from timely filing his federal petition.
             For example, he argues that the limitation period has not begun
24           because the trial judge never signed the Judgment of Conviction.
             This argument rings hollow because it is clear that the judge did,
25           in fact, sign the judgment of conviction.[FN3] Additionally, it is
             apparent from the procedural history that petitioner was more
26           than capable of seeking review of his conviction and sentence
             through various means. . . . . .
27
                     [FN3] The copy of the judgment of conviction
28              included in this action has the stamped name of the

-2-

1

2

3

4

5

6

> judge on the signature line.  This clearly indicates the Court's entry of the Judgment.  In the Court's experience, before electronic and digital information storage and transmission, it was often the practice of courts to sign the original order for filing in the docket while allowing the Clerk to stamp the judge's name to [a] duplicate of the original when those duplicate[s] were submitted with the original for the court's review.  Such appears to be the case here. *See* ECF No. 12, p. 105.

7  #17, at 4 & n.3.

8  Nothing stated by the Court in the above passage in construing the state court record

9  materials presented would lead to the undersigned being called as a witness in any

10  proceeding in this long-closed matter.  The motion to recuse is frivolous and will be denied.

11  **Motion for Relief from Order**

12  The dismissal of petitioner's first federal habeas petition was on the merits, and

13  petitioner did not obtain permission from the Court of Appeals to pursue a second or

14  successive petition.  Petitioner therefore could not pursue this second successive petition

15  even if he could overcome the untimeliness of the petition, which he did not do and has not

16  done.  All of petitioner's arguments concerning, *e.g.,* intervening law and alleged actual

17  innocence beg the fundamental point that the petition was properly dismissed as a successive

18  petition.  The finality provisions of 28 U.S. § 2244(b)(2) allow for a second or successive

19  petition to be pursued in only exceedingly narrow circumstances when based upon arguments

20  premised in part upon intervening law and/or alleged actual innocence.  The most critical point

21  with regard to the March 24, 2011, dismissal of this action as, *inter alia*, successive is that any

22  such arguments under § 2244(b)(2) must be presented to the *Court of Appeals* in an

23  application for permission to pursue a second or successive petition.  Petitioner's arguments

24  regarding intervening law and/or alleged actual innocence do not overcome the fact that a

25  second petition filed in the district court without such permission is a second or successive

26  petition that is subject to dismissal.  *Accord* #17, at 5.

27  This action long has been dismissed.  The time for appealing the dismissal has long

28  passed.  This Court now has denied three motions seeking reconsideration, with the Court

1  of Appeals denying a certificate of appealability from the first denial.  None of petitioner's

2  arguments overcome the fact that the petition properly was dismissed as successive.[1]

3  　　　　No more motions for reconsideration will be entertained herein.

4  　　　　IT THEREFORE IS ORDERED that petitioner's third motion (#33) for relief from order

5  and his motion (#32) to recuse both are DENIED.

6  　　　　IT FURTHER IS ORDERED that respondents' motion (#38) for leave to file a late

7  response is GRANTED such that the Clerk shall file the response submitted with the motion.

8  　　　　IT FURTHER IS ORDERED that, to the extent required in this procedural context, a

9  certificate of appealability is DENIED.  Jurists of reason would not find the Court's procedural

10 rulings rejecting petitioner's third motion for reconsideration and his frivolous motion for

11 recusal to be debatable or incorrect.  All of petitioner's arguments continue to beg the

12 question with regard to his second petition being a successive petition.  The Clerk shall

13 prominently reflect in the docket entry for this order a notation that a certificate of appealability

14 has been denied.

15 　　　　IT FURTHER IS ORDERED that the Clerk shall designate petitioner as a restricted filer

16 on the docket and shall return all further papers tendered by petitioner in this matter other

17 than a notice of appeal from this order.

18 　　　　This action has been, remains, and shall remain, closed.

19 　　　　DATED:   October 30, 2013.

20

21

22

23  ROBERT C. JONES
    Chief United States District Judge

24

25  　　[1]While the Court also held that the petition was untimely, the action was not dismissed with prejudice.

26  　　Petitioner refers to an alleged absence of counsel in prior proceedings.  Petitioner had no federal
    constitutional right to counsel in the prior federal habeas proceeding, and he has no federal constitutional
27  right to counsel in the present proceeding.  Any issues regarding counsel in prior state proceedings decades
    ago has no bearing on the dismissal of this second federal petition as successive.  Petitioner must obtain
28  permission *from the Court of Appeals* to pursue a second or successive petition, which he did not do.

-4-