# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAWRENCE L. SHULTS,

    *Petitioner*,

vs.

JAMES BENEDETTI, *et al.*,

    *Respondents*.

3:09-cv-00699-RCJ-VPC

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's third motion (#33) for relief from order seeking reconsideration, his motion (#32) to recuse, and respondents' motion (#38) for leave to file a late response to #33.

### *Background*

Petitioner Lawrence L. Shults was convicted of first-degree murder in Nevada state court over 35 years ago, on February 10, 1978. The Supreme Court of Nevada affirmed on direct appeal on September 5, 1980. *Shults v. State*, 96 Nev. 742, 616 P.2d 388 (1980). Petitioner is sentenced to life imprisonment without the possibility of parole for the 1975 murder of William Harvey Singley of which he stands convicted. *See* 616 P.2d at 390-91 (summary of trial evidence).

Petitioner challenged his conviction in, *inter alia,* a federal habeas petition filed in this Court more than two decades ago. This Court denied the petition on the merits, and the Ninth Circuit affirmed in a published opinion. *See Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992).

Nearly 17 years later, petitioner mailed for filing the federal petition in this matter. The Court dismissed the petition, holding that it was both successive and untimely.

Judgment was entered on March 24, 2011. Petitioner did not file a notice of appeal from the judgment of dismissal, but he did file a motion for reconsideration. The motion was mailed for filing on or about April 14, 2011, within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

The Court denied petitioner's first motion for reconsideration on March 14, 2012.

On or about March 26, 2012, petitioner mailed for filing a notice of appeal seeking to appeal "the, Denial of Motion for Reconsideration entered . . . on or about the 14th day of March, 2012."

The Ninth Circuit denied a certificate of appealability on the appeal on August 22, 2012.

Petitioner thereafter filed another motion for reconsideration in March 2013. The motion arose under Rule 60 of the Federal Rules of Civil Procedure, as the time for seeking relief under Rule 59 had expired. The Court denied the motion on July 10, 2013.

On or about July 17, 2013, petitioner filed his now third motion seeking reconsideration along with a motion for recusal.

## *Discussion*

### *Motion to Recuse*

Petitioner contends that the undersigned has "placed himself in a position to be called as a witness and give testimony as to his beliefs." He relies on the Court's reference to its experience in the following passage from the March 24, 2011, order of dismissal in this matter:

> Here, petitioner offer's [sic] thin arguments arising from unfounded statements, none of which show that any extraordinary circumstance prevented him from timely filing his federal petition. For example, he argues that the limitation period has not begun because the trial judge never signed the Judgment of Conviction. This argument rings hollow because it is clear that the judge did, in fact, sign the judgment of conviction.[FN3] Additionally, it is apparent from the procedural history that petitioner was more than capable of seeking review of his conviction and sentence through various means. . . . . .
>
> [FN3] The copy of the judgment of conviction included in this action has the stamped name of the

> judge on the signature line.  This clearly indicates the Court's entry of the Judgment.  In the Court's experience, before electronic and digital information storage and transmission, it was often the practice of courts to sign the original order for filing in the docket while allowing the Clerk to stamp the judge's name to [a] duplicate of the original when those duplicate[s] were submitted with the original for the court's review.  Such appears to be the case here. *See* ECF No. 12, p. 105.

#17, at 4 & n.3.

Nothing stated by the Court in the above passage in construing the state court record materials presented would lead to the undersigned being called as a witness in any proceeding in this long-closed matter.  The motion to recuse is frivolous and will be denied.

### *Motion for Relief from Order*

The dismissal of petitioner's first federal habeas petition was on the merits, and petitioner did not obtain permission from the Court of Appeals to pursue a second or successive petition.  Petitioner therefore could not pursue this second successive petition even if he could overcome the untimeliness of the petition, which he did not do and has not done.  All of petitioner's arguments concerning, *e.g.,* intervening law and alleged actual innocence beg the fundamental point that the petition was properly dismissed as a successive petition.  The finality provisions of 28 U.S. § 2244(b)(2) allow for a second or successive petition to be pursued in only exceedingly narrow circumstances when based upon arguments premised in part upon intervening law and/or alleged actual innocence. The most critical point with regard to the March 24, 2011, dismissal of this action as, *inter alia*, successive is that any such arguments under § 2244(b)(2) must be presented to the *Court of Appeals* in an application for permission to pursue a second or successive petition.  Petitioner's arguments regarding intervening law and/or alleged actual innocence do not overcome the fact that a second petition filed in the district court without such permission is a second or successive petition that is subject to dismissal.  *Accord* #17, at 5.

This action long has been dismissed.  The time for appealing the dismissal has long passed.  This Court now has denied three motions seeking reconsideration, with the Court

of Appeals denying a certificate of appealability from the first denial. None of petitioner's arguments overcome the fact that the petition properly was dismissed as successive.[1]

No more motions for reconsideration will be entertained herein.

IT THEREFORE IS ORDERED that petitioner's third motion (#33) for relief from order and his motion (#32) to recuse both are DENIED.

IT FURTHER IS ORDERED that respondents' motion (#38) for leave to file a late response is GRANTED such that the Clerk shall file the response submitted with the motion.

IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED. Jurists of reason would not find the Court's procedural rulings rejecting petitioner's third motion for reconsideration and his frivolous motion for recusal to be debatable or incorrect. All of petitioner's arguments continue to beg the question with regard to his second petition being a successive petition. The Clerk shall prominently reflect in the docket entry for this order a notation that a certificate of appealability has been denied.

IT FURTHER IS ORDERED that the Clerk shall designate petitioner as a restricted filer on the docket and shall return all further papers tendered by petitioner in this matter other than a notice of appeal from this order.

This action has been, remains, and shall remain, closed.

DATED: October 30, 2013.

_____
ROBERT C. JONES
Chief United States District Judge

---

[1] While the Court also held that the petition was untimely, the action was not dismissed with prejudice.

Petitioner refers to an alleged absence of counsel in prior proceedings. Petitioner had no federal constitutional right to counsel in the prior federal habeas proceeding, and he has no federal constitutional right to counsel in the present proceeding. Any issues regarding counsel in prior state proceedings decades ago has no bearing on the dismissal of this second federal petition as successive. Petitioner must obtain permission *from the Court of Appeals* to pursue a second or successive petition, which he did not do.